UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DENNIS BURNS,

          Plaintiff,

v.

TIANNA CHATMAN,

          Defendant.
_____/

Case No. 17-11757

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2); AND**
**(2) SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) (ECF NO. 1)**

Now before the Court is Plaintiff Thomas Dennis Burns's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2.) For the reasons below, the Court will grant Plaintiff's Application to Proceed without Prepaying Fees or Costs, but will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit regarding his

financial obligations and income. (ECF No. 2.) Based on this information, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

At the same time, the Court is required to dismiss a complaint filed without prepayment of fees when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for this reason, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). The Court is aware that a pro se litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

2

Federal district courts only have jurisdiction to decide certain kinds of cases. Their jurisdiction is limited to cases defined in Article III, § 2, cl. 1 of the Constitution, or that have been entrusted to the federal courts through a jurisdictional grant of Congress. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). Federal courts have jurisdiction over "federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1331). "In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp.*, 545 U.S. at 552 (citing 28 U.S.C. § 1332). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp.*, 545 U.S. at 552. A plaintiff who invokes federal jurisdiction bears the burden of demonstrating that a basis for it exists. *See Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993).

In this case, the Plaintiff has not established that this Court has jurisdiction over his claims. Diversity jurisdiction does not exist in this case, as Plaintiff indicates in his Complaint that both he and Defendant Chatman are citizens of

Michigan. (ECF No. 1, Compl. at 4.) Plaintiff has also not sued the United States. *See* 28 U.S.C. § 1346. This Court therefore only has jurisdiction over Plaintiff's claims if they are somehow part of, or at least supplemental to, a claim "arising under" federal law. *See* 28 U.S.C. §§ 1331, 1367.

On the civil cover sheet accompanying his Complaint, Plaintiff does not identify a federal statute under which he is filing his claims, instead stating an allegation that Defendant "used a false instrument to interfere with [his] right to property." (Compl. at 9.) In the Complaint, Plaintiff elaborates that Defendant falsely accused him of crimes, used false allegations to obtain his property, and caused him emotional distress through slander and defamation. (*See id.* at 5.)

Plaintiff has not, however, identified a basis in federal law for the Court to exercise jurisdiction over these claims. Among the boxes he has checked on his civil cover sheet are those corresponding to "False Claims Act" and "Administrative Procedure Act/Review or Appeal of Agency Decision." (*Id.* at 9.) Neither of these offers a clear foundation for federal jurisdiction here: Plaintiff has not identified a decision by an administrative agency that he asks this Court to review, nor has he made sufficient factual allegations to state a claim under the federal False Claims Act, which generally imposes liability on persons who commit fraud against the government. *See* 31 U.S.C.A. § 3729. The other boxes checked by Plaintiff do not suggest that there are grounds for federal jurisdiction

4

over his claims, nor do his factual allegations—in connection with or independently of the information on the civil cover sheet—permit the Court to conclude that it may exercise jurisdiction in this case.

For these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim (ECF No. 1).

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: June 9, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2017.

s/D. Tofil
Deborah Tofil, Case Manager